UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$25,000.00 UNITED STATES CURRENCY, )<br>)<br>Defendant. ) | Cause No.: 1:23-cv-00991 |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

### NATURE OF THE CLAIM

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. §§ 881 and 18 U.S.C. 981(a), seeking forfeiture of the Defendant property based on violations of 21 U.S.C. § 801 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil action commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the

forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888 (j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant is twenty-five dollars in United States Currency ("$25,000.00," or "Defendant Property") (Asset Identification Number 20-CBP-000846).

## FACTS

6. On August 26, 2020, officers with the Homeland Security Investigation Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub based in Indianapolis, Indiana.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it is common for smugglers and individuals involved in controlled substance trafficking to transport illegal controlled substances and their proceeds through shipping companies. Shipping companies are advantageous to the smugglers because they provide the benefits of faster delivery, predictable delivery dates, package tracking, and delivery confirmation. Because of the commonality of this practice, task force officers are trained to identify indicators of suspicious

packages. Suspicious packages are typically sent via overnight priority shipping and paid for with cash. Smugglers will often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (e.g., Texas, Arizona, California) draw suspicions, as do parcels sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. The use of excessive tape and layers of packaging is an attempt to undermine detection by narcotic detection canines by masking or preventing the odor of controlled substances from emitting from the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons with the cash or monetary instrument – narcotics traffickers rarely include any type of instructions with the proceeds.

8. During the course of operation, a package being shipped by a parcel service with a shipping label attached reflecting a tracking number of 3961-6825-3378 ("Parcel 3378" or the "Package"), was identified as suspicious. Parcel 3378 was addressed to Josh Valenzula, 218 W Victoria Street, Rialto, CA 92376, with phone number XXX-XXX-7684. The sender was identified as Karla Angelica Carabantes, 2202 Sanibel Drive, Reston, VA 20191, with phone number XXX-XXX-7684.

9. Parcel 3378 drew the attention of officers and was deemed suspicious for several reasons. First, Parcel 3378 was a newly bought box with extra external tape along the seams. Parcel 3378 was sent using priority overnight delivery and paid for with credit card. The parcel was shipped from an individual to an individual. The parcel was from a residence to a residence. The parcel was being shipped to a source state (California).

10. A certified drug detection canine, handled by an IMPD officer, inspected Parcel 3378 and other packages. The drug detection canine indicated there was a controlled substance

odor emitting from Parcel 3378. The drug detection canine has been certified for over ten years and has been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine.

11. IMPD officers applied for a search warrant to inspect Parcel 3378 based on the suspicious nature of the package and the certified drug detection canine's positive indication. On August 26, 2020, a Marion County Superior Court judge granted the search warrant upon a finding of probable cause.

12. On August 26, 2020, Task Force Officers executed the search warrant and opened Parcel 3378. Upon opening parcel 3378, officers found it was a newly purchased sealed box with extra external tape along the seams. Inside Parcel 3378, officers found a pair of boots with stacks of cash stuffed inside of each boot with tissue paper on top, placed inside of a men's boot box. As discussed in Paragraph 7 above, multi-layered packaging methods are commonly used by smugglers to attempt to mask the presence of the odor of a controlled substance.



13. After the package was opened, officers used the certified drug detection canine to conduct a blind search on the currency. The certified drug detection canine gave a positive indication of narcotic odor, indicating that the $25,000.00 possessed the threshold-controlled substance contamination. The certified drug detection canine is trained not to detect uncontaminated currency.

14. As there was probable cause to seize the currency for violations of federal and state-controlled substance laws, the $25,000.00 was seized and taken into custody by ISP. The currency was converted to a cashier's check number 9143718558 and remained in the custody of ISP pending the signing of a turnover order by a Marion County Superior Court judge in Indianapolis, Indiana.

15. Federal agents and analysts conducted background research on the information listed for the sender and receiver of Parcel 3378. It was determined that the sender Karla

Angelica Carabantes is residing at the associated address on the shipping label. A review of the senders address on Google Maps revealed the address is located in a residential area. In addition to the Virginia address, it was determined that Carabantes is associated to 13512 Reid Circle, Fort Washington, Maryland. No derogatory information was found for Carabantes.

16. It was determined through Google Maps that the address for the recipient, Josh Valenzula is a residential address however no one with the name Josh Valenzula could be found living at that address. No derogatory information was found for Valenzula.

17. On August 13, 2021, a Marion County Superior Court judge issued an order transferring the Defendant Property to the appropriate federal authority. *See* Marion County Superior Court, Civil Division, Cause Number 49D11-2008-MI-030070. The Defendant Property was transferred from DHS-HSI to DHS-CBP on October 7, 2021.

18. DHS-CBP sent notice to the sender and recipient on October 27, 2021, to address the matter through administrative proceedings. The notice letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for review. DHS-CBP found that the letters sent to both addresses associated with the sender Karla Angelica Carabantes were delivered. DHS-CBP confirmed that the letter sent to receiver Josh Valenzula was delivered. To date, neither Carabantes nor Valenzula have contacted DHS-CBP.

19. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/content/dam/fedex/us-united-states/services/FXF_100_Series_Rules_Tariff.pdf

## PERTINENT STATUES

20.     Under 21 U.S.C. § 841 (a)(1), it shall be unlawful for any person to knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

21.     Under 21 U.S.C. § 881 (a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act, including 21 U.S.C. § 841 (a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them. Pursuant to 21 U.S.C. § 881 (a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

22.     Based on the factual allegation set forth above, the Defendant Property is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 (a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all

parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any relief this court deems just and proper.

        ZACHARY A. MYERS
        United States Attorney

By: _s/Kelly Rota_____
     Kelly Rota
     Assistant United States Attorney
     Office of the United States Attorney
     10 W Market St., Suite 2100
     Indianapolis, IN 46204-3048
     Telephone: (317) 226-6333
     Fax: (317) 226-5027

## VERIFICATION

I, S/A Trent Tonkovich, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 5/19/2023

Trent Tonkovich

Special Agent, HSI